IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 3, 2016

**STATE OF TENNESSEE v. TRAVIS BROOKS**

**Appeal from the Criminal Court for Shelby County**
**No. 06-00686     James C. Beasley, Jr., Judge**

_____

**No. W2015-02433-CCA-R3-CD  -  Filed September 28, 2016**

_____

The petitioner, Travis Brooks, appeals the dismissal of his motion to correct an illegal sentence. He argues that he is entitled to relief because the trial court failed to award him appropriate pretrial jail credits. Following our review, we conclude that the petitioner has not stated a colorable claim for relief, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Travis Brooks, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

While a juvenile, the petitioner pled guilty to twenty-one counts of aggravated robbery and five counts of aggravated assault. The petitioner received sentences of twelve years for each aggravated robbery conviction and six years for each aggravated assault conviction. All of the sentences were ordered to be served concurrently with one

another but consecutively to his sentence in Case No. 06-00685[1] for an effective sentence of twenty-two years. Each judgment of conviction included in the record reflects that the petitioner was to receive 225 days of jail credit from August 31, 2005, to April 12, 2006.

Pursuant to Tennessee Rule of Criminal Procedure 36.1, the petitioner filed a motion to correct an illegal sentence. He argued that his sentence was illegal because he was not properly awarded pretrial jail credits. He also appears to contend that the Tennessee Department of Correction was not properly calculating his release status and that his guilty pleas were not knowingly and voluntarily entered. The trial court summarily dismissed the motion, finding that the petitioner received all of his appropriate jail credit. The court also found that it did not have jurisdiction over how the Tennessee Department of Correction calculated the petitioner's release status. Additionally, the court found that the petitioner entered knowing and voluntary guilty pleas and that if it were to construe the petition as a petition for post-conviction relief, the statute of limitations had expired and the petitioner was not entitled to relief. The petitioner filed a timely notice of appeal.

## ANALYSIS

The petitioner argues that the trial court erroneously dismissed his petition without a hearing. He concedes that his claims regarding the voluntary nature of his guilty pleas and the calculation of his release eligibility date are not governed by Rule 36.1. He focuses his argument on the failure to award pretrial jail credits, arguing that he was entitled to an additional 254 days of pretrial jail credits. The State responds that the petitioner has not stated a colorable claim for relief.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

In *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), our supreme court addressed the issue of whether the failure to award pretrial jail credits constituted a "colorable claim"

---

[1] The judgment for Case No. 06-00685 is not included in the record.

2

for the purpose of Rule 36.1. *Id.* at 212. The court observed that while "pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* (emphasis in original). The court opined that a litigant wishing to challenge the award of pretrial jail credits was entitled to raise the issue on direct appeal. *Id.* at 212-213. However, the court ultimately concluded that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Id.* at 213 (emphasis in original).

Here, the defendant argues that the trial court failed to award him appropriate pretrial jail credits. However, as our supreme court concluded, this is not a colorable claim for relief under 36.1. *Brown*, 479 S.W.3d at 213. As a result, we conclude that the petitioner is not entitled to any relief.

_____
J. ROSS DYER, JUDGE

3